Katie Baker v. William K. Harrington Mr. Baker, perhaps it's a bit overly optimistic of me, but I take some comfort in the decisions of this Court which hold that, considering sanctions under Rule 9A11, Bankruptcy Rule 9A11, and this cognate Civil Rule 9A11, that what is existing law or a non-frivolous argument for extension of the law is sometimes prevailable. I take further comfort in the fact that this is not, for the purpose of chilling, an attorney's creativity or zealous representation of his client. Lastly, I take more comfort in the fact that this Court has recognized, and I'm quoting here, counsel every day file motions that are hopeless, just as they make hopeless objections in trials and hopeless arguments to the judge. Perhaps the Court could sanction counsel under Rule 11 for many such hopeless motions, but doing so routinely would tie courts and counsel in knots. Have you complied yet with the Court's order? To take a course in ethics? Yes. Not yet. The problem with that is I didn't graduate from an ABA accredited school. If I wind up having to do it, I will have to figure some way through it. Did you seek a stay? I thought you were supposed to have this done by September 2015. That's what the order said, but the general rule, as I understand it, is that the trial court has no jurisdiction to enforce its order while it's on appeal. Is that why you took this appeal? No, absolutely not. But what about your duty to comply with the order? My duty to comply with the order will arise if this Court confirms, which I don't think it should. So you think you just cast aside your duty to comply by filing a notice of appeal? Not at all. The notice of appeal was filed for the purpose of corrections in the bankruptcy court. As I say, the sanctions should be reserved for truly egregious actions. I'm not sure that I was even wrong about the arguments that I made. For example, with respect to the automatic stay issue, the Bank of America had said in the letter that it sent to my client that the foreclosure option had been postponed by public proclamation and will now be held on Wednesday, June 18, 2014 at 11 a.m. at the mortgage premises. It's really very difficult for me to understand how that's not a violation of the automatic stay because it states an intention to take an action that they can't legally take because the automatic stay was in effect. Let me pause on that. I thought it was pretty clear that they could reschedule it as long as before they held the rescheduled foreclosure proceeding, they filed a motion seeking relief. Exactly right. As long as. At the time you filed, it was what, roughly still two months to go before the rescheduled hearing, rescheduled sale? I think the motion was filed on April 14. Yes, approximately two months. And you filed a motion with them still having two months for the saying, saying that they had already willfully violated the automatic stay. Well, what Judge Hillman, bankruptcy Judge Hillman said about this is that they can do that if they promptly file a motion for relief on the automatic stay. And isn't two months and before plenty of time? Well, what's promptly? I think promptly is within a week or two, maybe three weeks after the original date, so that there's time for the bankruptcy court to hear about it. But the rule that Judge, you're referring to Judge Hillman's prior decisions, he used the language before the rescheduled hearing, sale, didn't he? Isn't that the whole thing? Yes, but promptly. Promptly. And again, I don't think waiting two months is promptly. Was this an argument you made to Judge Hillman? Judge Hillman was not the sanctioning judge on this case. But the sanctioning judge here? I never really had a chance to do that. Well, he issued an order to show cause. He issued an order to show cause. That gave you a full opportunity to respond to why your position was well-grounded, did it not? It did, and if you read his response to that, he commented that I'd lost it to a lengthy legal argument to try to justify my position, and he was offended by that. You're digressing here. You just told us that you never had a chance to explain your position to the bankruptcy court, Judge. I thought the whole purpose of the motion to show cause was that rather than sanctioning you sui sponte, he gave you notice so that you had an opportunity to explain why your position was well-grounded. You took that opportunity, and as I understand it, you did not advance the argument you just advanced here. Is that correct? I may not have used the word promptly in my response, but I think that's the whole center, the whole point of it. I think that if I had not filed this motion, there would not have been a motion for relief in the United States to continue it. Well, how do you know that? I don't know that. But you were saying they should be willfully sanctioned without you knowing whether they were going to file it. Well, it goes back to my promptly argument. That's the one you said you didn't make? Or did you make it? Maybe not so explicitly as would satisfy your concern. But yes, I said I'm looking at the motion. Maybe not in the motion, but maybe in response to the order to show cause. But the point there is that the order to show cause was issued because it's required by the voter rule. Now, if you read the transcript of that hearing and read what the judge said in his memorandum, I hate to say it, and I say it with great reluctance, but I don't think he ever had a chance. He had already decided he was going to issue sanctions, and it seems to me that he was offended by the fact that, as Judge Kayada said, I took the opportunity to try to defend myself and explain the reasoning. Now, reasonable minds can disagree, and as this court has said, what is a non-frivolous argument is debatable. I don't think I made non-frivolous arguments. I'm sorry, excuse me. I don't think I made frivolous arguments. There is no binding case law on either of the issues that were presented. Well, let me ask you about that. I thought you told the judge that the prevailing rule, not just that the prevailing rule was one that the bank had violated willfully. No. I said that the prevailing rule was that a single continuation is not a violation of the automatic state, so long as, or as you said before, so long as a motion for refund stay is promptly filed. Promptly, in my mind, isn't necessarily a period of time. The problem here is that the sequence is wrong. If they had filed their motion for relief from stay and then sent that letter, they wouldn't have a problem. Counsel, you've reserved some time. We'll hear from your opponent now. Thank you very much. Good morning. May it please the Court, my name is John Pastuca. I'm an attorney from the United States Department of Justice, representing the appellee and the United States trustee. This Court should affirm the bankruptcy court order sanctioning Mr. Baker. That order just was a reasonable non-monetary sanction. There's two reasons for this Court to affirm the bankruptcy court order. First is that the bankruptcy court did not abuse its discretion when it found that Mr. Baker made a sanctionable argument in his motion for sanctions against Bank of America. As this Court has already recognized this morning, at the time that Mr. Baker filed the motion for sanctions, Bank of America had only issued a single continuance of the bankruptcy sale, of the foreclosure sale, and the postponed date was still about two months away. And in his motion for sanctions, Mr. Baker cited a number of cases which plainly provided that a single continuance of the foreclosure sale will not violate the bankruptcy stay as long as the creditor moves for relief before the postponed date. But Mr. Baker turned around and argued that those same cases supported his position, but he never provided a coherent justification for why that was so. Therefore, the bankruptcy court did not abuse its discretion in finding this to be a sanctionable argument. Mr. Baker made his second sanctionable argument in his response to a motion to dismiss or convert. That motion was based on his client improperly using cash collateral. Mr. Baker argued that there was no consent or authorization was required to use cash collateral because Section 363A of the Bankruptcy Code provides that cash collateral means cash or other property subject to a security interest as provided in Section 552B. The problem with this argument is that it effectively amounted to a rewriting of Section 363A of the Bankruptcy Code, which defines cash collateral. Cash collateral as defined by Section 363 provides a general definition and then two statutory examples. Mr. Baker made it appear as if the entire definition was just one of those examples, and he left out the heart of the definition of cash collateral. As a result, the bankruptcy court did not abuse its discretion in deciding that Mr. Baker selectively quoted this statute in a way that effectively rewrote the statute, and therefore the bankruptcy court also properly found this to be a sanctionable argument. Unless the court has any questions, I'll otherwise rely on my briefs. Thank you. If I may, Your Honor? Yes. I'd like you to answer that second charge that you willfully used ellipses to omit language from statutory provision in order to mislead the court. It's simply not true. All right. Part one, did you omit material language? I don't believe it's material, no. All right. Why not? Why not? Because the statute has a laundry list of items that could constitute cash collateral. The point at issue is that what we were discussing in the bankruptcy court was cash itself. I didn't believe and still don't believe that we needed to discuss things such as cash equivalents, inventory, that sort of thing. We were discussing actual cash. Now, just to correct one point, the punitive clergy here was the Massachusetts Department of Revenue, but it had been shown previously in this case that the Massachusetts Department of Revenue was not actually secured within the meaning of the bankruptcy code and their personal property liens were also not properly perfected. So the fundamental argument was that they didn't have a right to cash collateral in any form, and I think that was a quite proper argument. Mr. Baker, in your brief to us, you said the bankruptcy court stated that, quote, seeking to persuade a court to overturn or depart from an unbroken line of case authority, ellipsis, would give rise to its own set of Rule 9011 violations. When I read that, that seemed that the district court goofed if it said such a thing, and you called it the chilling statement. It was perhaps chilling. So I thought you had a point. I went and read the bankruptcy court order, though, and when you removed the ellipsis and put in the text, the bankruptcy court actually said an attorney seeking to persuade a court to overturn or depart from an unbroken line of case authority does not seek sanctions against the party who follows that line of authority as Bank of America did here, period, doing that would give rise to its own set of Rule 9011 violations. So it seems you have done in your brief to us exactly what the bankruptcy court was concerned that you were doing below. You've taken an ellipsis to merge two sentences to say something that's not at all what the bankruptcy court said. I respectfully disagree. The bankruptcy court did, in fact, say what I said, but the – I'm sorry. I've lost my train of thought. You've been sanctioned before in the bankruptcy court from making statements that the court felt were unfounded. Yes. I get a sense you don't think that you were trying to mislead us with what you did in the brief that I've just read. Not at all. Has it occurred to you that it might be a good idea to go take this course? There's no monitoring on it. Go take the course after you've been sanctioned several times. I'm happy to do it either way, but to go back to what you were saying a minute ago, if I had done that before now, wouldn't that have mooted this appeal? You're making a misrepresentation to us, which is an independent basis for this court to impose sanctions on you. I'm not making a misrepresentation to you. You misquoted. You misquoted. I don't believe so. I don't believe I misquoted. Are you saying you didn't comply with the court's order to do it by September 2015 because you were afraid it would moot your appeal? Yes. So why didn't you ask for leave, for a step? Because it was not likely to be granted. I try to avoid futile exercises. All right. So anyway, if I may just take another minute. Thank you. The point I'm trying to make about the chilling argument and the use of ellipses is where does it stop? If I have to quote the entire statute, if I have to quote the entire opinion or so on, it strikes me as a waste of time, things that don't need to be stated out in full. This court is quite capable of doing exactly what Judge Cagliate said a minute ago, going back and looking at the whole thing if you have a question or concern about it. There's no attempt to mislead bankruptcy court, no attempt to mislead this court, simply an attempt to represent one's client zealously within the boundaries of the law, advance arguments that are not frivolous, and intended to gain for my client benefits of the Bankruptcy Code and ultimately the fresh start that the Bankruptcy Code provides. Thank you very much. I repeat and ask you to reverse. Thank you, counsel. Thank you.